<u>**NOT FOR PUBLICATION**</u>

<u>**UNITED STATES DISTRICT COURT**</u>
<u>**FOR THE DISTRICT OF NEW JERSEY**</u>

|  |  |
|---|---|
| HOWARD SOLOMON, Ed.D.,<br><br>         Plaintiff,<br><br>   v.<br><br>PASSAIC COUNTY EDUCATIONAL SERVICES COMMISSION, JOAN HALL, JAMES DWYER, THOMAS COMICIOTTO, WILLIAM LIESS, MICHAEL RICE, RICHARD SPIRITO, ANTHONY GONELLA, RAY KWAK, ALBERT GUAZZO, BRUCE deLYON, CHARLES FERRARO, ROBERT HOLSTER, DIANA LOBOSCO, ED DUROY, DENNIS CLANCY, TERRANCE BRENNAN, JAMES BARRIALE, PETER CARTER, VINCENT VARCADIPANE, ALAN SKRILOFF, RICHARD LINKH, ROBERT GILMARTIN, FREDERICK LIJOI, MARIA NUCCETELLI, ANTHONY SCIARRILO, ESQ., JOHN DOES 1-10 (a ficticious name), ABC SCHOOL DISTRICTS 1-10 (a fictitious Passaic County School District),<br><br>         Defendants. | CIVIL ACTION NO. 04-5879 (DRD)<br><br><br>**O P I N I O N** |

R. Scott Eveland, Esq.
EVELAND LAW OFFICES PC
215 Ridgedale Avenue
Florham Park, NJ 07932

    *Attorney for Plaintiff,*

John H. Schmidt, Jr., Esq.
LINDABURY, MC CORMICK & ESTABROOK, PC
53 Cardinal Drive
PO Box 2369
Westfield, NJ 07091-2369

     *Attorneys for Defendants Passaic County Educational Services Commission, Joan Hall, James Dwyer, Thomas Comiciotto, William Liess, Michael Rice, Richard Spirito, Anthony Gonella, Ray Kwak, Albert Guazzo, Bruce deLyon, Charles Ferraro, Robert Holster, Diana Lobosco, Ed Duroy, Dennis Clancy, Terrance Brennan, James Barriale, Peter Carter, Vincent Varcadipane, Alan Skriloff, Richard Linkh, Robert Gilmartin, Frederick Lijoi, Anthony Sciarrillo, Esq. John Does 1-10, ABC School Districts 1-10,*

Peter C. Harvey, Esq.
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
P.O. Box 112
Trenton, NJ 08625
By: William F. Cook, Esq.
Deputy Attorney General

     *Attorney for Defendant Maria Nuccetelli.*

**DEBEVOISE, Senior District Judge**

     Plaintiff, Howard Solomon, Ed.D., ("Solomon"), is the Superintendent of Defendant Passaic County Educational Services Commission ("Commission"). Solomon commenced this suit November 29, 2004 against the Commission and members of the Board of Directors of the Commission individually, the Commission's attorney, Anthony Sciarrillo, Esq., and Maria Nuccetelli, former Superintendent of Schools for Passaic County. The ten counts of the complaint allege violations of Constitutional rights (42 U.S.C. § 1983), as well as cause of action under various state laws. The claims originate from a June 25, 2002 Commission resolution which placed Solomon on a paid leave of absence until June 2003, when his contract expired, and provided that his contract would not be renewed. The Commission, the Board members and

Sciarrillo have filed a motion to dismiss Solomon's complaint under Rule 12(b)(6), contending, among other things, that Solomon's claims are barred by the applicable statute of limitations. Nuccetelli filed a separate motion to dismiss, asserting an additional defense of sovereign immunity from the suit.  Solomon has filed a cross-motion seeking to amend the complaint, if necessary, pursuant to Fed. R. Civ. P. 15(a).  For the reasons stated below, the Defendants' 12(b)(6) dismissal motions are granted in their entirety because Solomon's federal claims are barred by the applicable statute of limitations, and the Court declines to exercise jurisdiction over the state law claims.  Solomon's motion to amend is denied as futile.

## I. BACKGROUND FACTS

Solomon's version of the facts, as set forth in his complaint, are accepted as true for the purposes of this 12(b)(6) motion.  On May 29, 1998, Solomon signed an employment contract ("Contract") with The Commission.  (Pl.'s Compl. ¶ 20.)  The Contract appointed Solomon Superintendent/School Business Administrator for five years, from July 1, 1998 to June 30, 2003.  (Id.)  In the Contract, the Commission agreed to provide at least two years notice of non-renewal, or else the 2003-2004 school year term would be automatically added to the Contract. (*Id*. at ¶¶ 22-23.)  The Contract also detailed the procedure for evaluations of Solomon, providing that if Solomon's performance was unsatisfactory in any way, Solomon would receive written notice of "the specific instances of unsatisfactory performance," with recommendations for improvement, and Solomon could "counter with a written . . . response to the evaluation."  (*Id*. at ¶ 25.)  Solomon never breached the duties of his employment contract.  (*Id*. at  ¶ 28.)

On June 25, 2002, at a Commission meeting, the Commission unanimously passed

"Resolution 02-75." (*Id*. at ¶ 29). Solomon was present at the meeting (*See* Pl.'s Ex. B).[1] In

Resolution 02-75, the Commission decided not to renew Solomon's contract, placed him on

administrative leave with salary and benefits until the Contract expired, withheld his salary

increase for the 2002-2003 school year, and appointed an interim Superintendent/School

Business administrator (Pl.'s Compl. ¶¶ 30, 35, 38, 40.) The Commission also authorised a

forensic audit "of the operation of the Commission." (*Id*. at ¶ 41.) The Commission did not

issue a negative written evaluation of Solomon's performance.

      Solomon communicated with the Department of Education, contesting the Commission's

actions, and alleging breach of contract. (*Id*. at ¶ 44.) The Department of Education transmitted

the matter to the Office of Administrative Law on November 27, 2002 for a decision. (Pl.'s Ex.

C at 2).[2] The Commission argued that the Contract's two-year notice provision was

unenforceable. On May 10, 2004, the OAL judge concluded that the Contract's two-year notice

provision was valid, and ordered that the Commission reinstate Solomon "for the same term as

the preceding contract." (Pl.'s Compl. ¶ 50.) The Commissioner of the Department of Education

reviewed the decision as per New Jersey Administrative Law procedure (N.J.A.C. 1:1-12.5e),

and also determined that the two-year notice provision was enforceable. (Pl.'s Compl. ¶ 52.)

However, the State Board of Education could not agree that Solomon should be reinstated,

because "there remain[ed] an unresolved question regarding the reach of the preceding contract,"

and as to back pay and benefits, "no specific determination [could] be made on the present

record." (*Id*. at ¶ 52). Despite this, the Commission notified Solomon on November 12, 2004

---

[1]Incorporated into Solomon's complaint at Paragraph 30.

[2]This was incorporated into Solomon's complaint at Paragraph 50.

that it would reinstate him, "pursuant to the terms of the contract that was in effect prior to his termination." (*Id*. at ¶ 53).

On November 29, 2004, Solomon filed this action against the Commission and named individuals. His complaint contains ten counts. Counts I and II are pursuant to 42 U.S.C. § 1983, and allege violations of procedural and substantive due process. (*Id*. at 17, 19.) Count III alleges defamation and denial of Solomon's liberty interests in securing future employment as a Superintendent or School Business Administrator, presumably pursuant to Section 1983. (Id. at 21.) Count IV alleges breach of contract. (*Id*. at 23.) Count V alleges "breach of the covenant of good faith and fair dealing." (*Id*. at 25.) Count VI alleges intentional infliction of emotional distress. (*Id*. at 26.) Count VII alleges negligent termination. Count VIII alleges violations of the New Jersey Public Meetings Act. (*Id*. at 27.) Count IX seeks various declaratory relief, including declaratory judgment that the Defendants' actions be declared void and back pay and benefits awarded to Solomon. (*Id*. at 28.) Finally, Count X alleges a conspiracy amongst Defendants to commit the various wrongs alleged in the other counts of the Complaint, the portion of which dealing with constitutional rights violations presumably being brought pursuant to 42 U.S.C. § 1985. (*Id*. at 30.) The Defendants other than Nuccetelli have filed a Rule 12(b)(6) motion to dismiss, based on the statute of limitations and insufficient pleading, and Nuccetelli has filed a separate motion to dismiss based on the statute of limitations and sovereign immunity. Solomon filed a cross-motion to amend his complaint.

## *II. DISCUSSION*

### *A.*   *Defendants' 12(b)(6) Motion to Dismiss for Failure to State a Claim*

### 1.   **Applicable Standard**

Fed. R. Civ. P. 12(b)(6) allows a defendant to file a pre-answer motion to dismiss the

plaintiff's complaint because it "fail[s] to state a claim upon which relief can be granted."  The

court will accept as true all factual allegations of the plaintiff's complaint, and will draw all

reasonable inferences in the plaintiff's favor when deciding a defendant's Rule 12(b)(6) motion.

*Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1983).  The court need not, however, accept the

plaintiff's legal conclusions.  *Kost*, 1 F.3d at 183.  Where the basis for a 12(b)(6) motion is the

statute of limitations, the Court  must rely on the time alleged in the complaint to determine if the

statute of limitations has expired.  *Cito v. Bridgewater Township Police Dept.*, 892 F.2d 23, 25

(3d Cir. 1989).  If the statute of limitations has expired, the claim is properly dismissed on a

12(b)(6) motion.  *See Cito*, 892 F.2d at 25 (holding district court properly dismissed Section

1983, 1985, and 1986 claims where statute of limitations had expired).

## 2.      Federal Claims (Counts I, II, III, IX and X)

Section 1983 provides, "Every person who, under color of any statute, ordinance,

regulation, custom, or usage, of any State . . . subjects . . . any citizen of the United States . . . to

the deprivation of any rights, privileges, or immunities secured by the Constitution and laws,

shall be liable to the party injured in an action at law."  42 U.S.C. § 1983.  Section 1985

addresses conspiracies to violate civil rights.   In all or parts of Counts I, II, III, IX, and X,

Solomon alleges violations of federal law and Constitutional rights, including procedural and

substantive due process and liberty interests.  To the extent that Count IX, for declaratory relief,

and Count X, charging conspiracy, allege some of these federal rights violations they are

included within the following discussion.

Solomon's complaint alleges that the decisions not to renew his contract, to place him on

6

administrative leave immediately, to "reduce [his] compensation," to appoint an interim
Superintendent/School Business Administrator, and to authorize the audit were made on June 25,
2002. (Pl.'s Compl. ¶¶ 29, 34, 37, 39, 41.) Furthermore, the Interim Superintendent was to
begin work effective June 26, 2002. (*Id*. at ¶ 40.) In Count X, he specifically alleges that the
Defendants "accomplished [their wrongful conduct] when a new President of the board of the
Commission, Diana LoBosco, took office on June 25, 2002." (*Id*. at ¶ 120.)

The state statute of limitations for personal injury actions applies to all Section 1983 and
1985 claims. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). In New Jersey, the applicable statute
of limitations period is two years. *Cito*, 892 F.2d at 25; *see* N.J.S.A. 2A:14-2 (New Jersey
statute of limitations of 2 years for "actions for injury to persons by wrongful action,"). Solomon
contends that the longer statute of limitations applicable to New Jersey contracts should apply to
his Section 1983 and 1985 claims, but this argument is without merit. *See Kost*, 1 F.3d at 190
(calling plaintiff's argument that Pennsylvania's longer breach of contract statute of limitations
should apply to a Section 1983 action rather than two-year personal injury period "plainly
frivolous."). For allegations of civil conspiracy, as Solomon alleges in Count X, the plaintiff is
required to "seek redress for each act of the alleged conspiracy causing injury within two years of
its occurrence." *Kost*, 1 F.3d at 191.

Solomon argues that the statute of limitations did not begin to run until May 10, 2004,
when the OAL judge's opinion did not decide the "entirety of issues regarding his unlawful
termination." Solomon has not cited any case law which would allow an unfavorable result in
state court to begin the statute of limitations for a Section 1983 or 1985 claim against the original
defendants. *Cf. Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998) (rejecting

defendant's argument that statute of limitations for Section 1983 cause of action based on false imprisonment began to run when criminal charges were resolved in defendant's favor rather than when the act precipitating the lawsuit occurred). Moreover, Solomon was not required to exhaust the state administrative procedure before filing his federal claims. *Patsy v. Board of Regents of Fla.*, 457 U.S. 496, 516 (1982).

Alternatively, Solomon contends that the earliest the statute of limitations began to run was June 30, 2003 because it was only then that he was no longer receiving pay or benefits from the Commission and was no longer the Superintendent/School Business Administrator. This argument, however, is also flawed. The statute of limitations begins to run when "the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he may have a basis for an actionable claim." *Lopez v. Swyer*, 62 N.J. 267, 271 (1973); see *Montgomery*, 159 F.3d at 126 (applying this standard to Section 1983 case). In actions alleging that a termination violates Section 1983, it is the date of the notice of termination, not the termination date itself, when the cause of action accrues. *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981).

Taking all factual allegations as true and drawing all reasonable inferences in favor of Solomon, in this case the limitations period began to run at the very latest on June 25, 2002, when Solomon was at the Commission's meeting to hear Resolution 02-75 passed, which placed Solomon on administrative leave and stated that his contract would not be renewed.[3] *See Asllani*

---

[3]Solomon also contends in his opposition brief that there was a continuing conspiracy to deprive him of his rights after the Resolution 02-75 was passed and decision was made not to renew his contract, and therefore that the statute of limitations continued to run (Pl.'s Opp'n. Br. to Nuccetelli at 13). This makes no sense in light of his claims. If any of the claimed deprivations of Solomon's rights occurred, they already had occurred when the Commission

*v. Board of Educ. of Chicago*, 845 F. Supp. 1209, 1218 (N.D. Ill.1993) (action accrued when plaintiff became aware at hearing that Defendant would not renew her contract); *Farmer v. City of Fort Lauderdale*, 814 F. Supp. 1101 (S.D. Fla.1993) (action accrued when plaintiff received oral notice of future termination, even if decision was subject to later review and if plaintiff continued to negotiate with defendant). A reasonable person would have known on the night of June 25, 2002 that he would no longer be employed after June 30, 2003. In fact, Solomon's counsel admits as much in his reply to Nuccetelli's arguments, "to be clear, as of June 25, 2002, Dr. Solomon was advised that his employment contract was not going to be renewed." (Pl.'s Opp'n Br. to Nuccetelli at 11.) Solomon in fact knew he might have a basis for an "actionable claim" against the Commission at that time and the statute of limitations began to run. His knowledge is confirmed by the fact that he shortly thereafter filed a timely action regarding the Commission's decisions with the Department of Education. Taking the facts alleged in Solomon's complaint as true, the statute of limitations began to run in this case on June 25, 2002, from which date Solomon had two years to file an action in this Court.

The statute of limitations on Solomon's federal claims expired, at the very latest, on June 25, 2004. Solomon did not file his complaint until November 29, 2004. The statute of limitations bars his federal claims. Therefore, Counts I, II, III and related portions of Counts IX and X of the complaint are dismissed with prejudice.[4]

_____

voted not to renew his contract and to order the forensic audit, which was on June 25, 2002. The Defendants could not continue to conspire to take away that which they had already taken, and Solomon does not allege any further rights violations that took place after June 25, 2002.

[4] In light of this disposition it is unnecessary to address Nuccetelli's argument that having been sued in her official capacity, she is not a "person" under 42 U.S.C. § 1983.

3. **State Law Claims**

The remaining claims of Solomon's complaint are state law claims. Under 28 U.S.C. § 1367, this Court can exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Unless there are "extraordinary circumstances," however, the court should not exercise supplemental jurisdiction over state law claims when the anchor federal claims are subject to dismissal under Rule 12(b)(6). *Cito*, 892 F.2d at 26. There are no such "exceptional circumstances" present here, however, because the Defendants have brought the Rule 12(b)(6) motion in a timely fashion, the pendant claims do not "significantly invoke[] questions of federal policy," and dismissal of the state claims would not contravene policies of judicial economy and convenience to the litigants. *See Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187, 196-197 (3d Cir. 1976) (holding exercise of supplemental jurisdiction improper where federal claims dismissed under Rule 12(b)(6), and the litigation had progressed to appellate level but there was no significant federal policy served by supplemental jurisdiction). Thus Solomon's state law claims will be dismissed without prejudice.

B. **Solomon's Motion to Amend**

Solomon has filed a cross-motion to amend his complaint, if necessary, pursuant to Fed. R. Civ. P. 15(a). Rule 15(a) states that leave to amend the complaint, "shall be freely given when justice so requires." Here justice does ***not*** so require because any amended pleadings would be futile on these issue due to the expired statute of limitations. *See In re NAHC, Inc. Securities Litigation,* 306 F.3d 1314, 1332 (3d Cir. 2002) (futile to allow amendments on time-barred claims); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (stating that, "if a claim is vulnerable

10

to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency,").  Thus, Solomon's cross-motion to amend is denied.

### III.  CONCLUSION

For the reasons set forth above, the motions of all defendants to dismiss Solomon's claims will be granted.  Solomon's federal claims will be dismissed with prejudice; his state law claims will be dismissed without prejudice.  Solomon's motion for leave to amend his complaint will be denied.  The Court will file an order supplementing this opinion.


/s/ Dickinson R. Debevoise

DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: September 12, 2005