**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Howard Solomon, Ed.D., | Civ. No. 04-5879 (DRD) |
| Plaintiff, | |
| v. | **O P I N I O N** |
| Passaic County Educational Services Commission, et. al, | |
| Defendants. | |

Fiona M. Kolvek, Esq.
EVELAND LAW OFFICES, P.C.
7 James Street
Florham Park, NJ 07932

    *Attorney for Plaintiff*


Athina Lekas Cornell, Esq.
LINDABURY, MC CORMICK & ESTABROOK, PC
53 Cardinal Drive
P.O. Box 2369
Westfield, NJ 07091-2369

    *Attorney for Defendants Passaic County Educational Services Commission, Joan Hall, James Dwyer, Thomas Comiciotto, William Liess, Michael Rice, Richard Spirito, Anthony Gonella, Ray Kwak, Albert Guazzo, Bruce deLyon, Charles Ferraro, Robert Holster, Diana Lobosco, Ed Duroy, Dennis Clancy, Terrance Brennan, James Barriale, Peter Carter, Vincent Varcadipane, Alan Skriloff, Richard Linkh, Robert Gilmartin, Frederick Lijoi, Anthony Sciarrillo, Esq. John Does 1-10, ABC School Districts 1-10*

**DEBEVOISE, Senior District Judge**

Plaintiff, Howard Solomon, filed suit on November 29, 2004 against Defendants, Passaic County Educational Services Commission and numerous individuals, alleging various federal and state law claims originating from the Commission's decision to place him on paid leave through the duration of his employment contract and to terminate his employment thereafter. In an opinion dated September 12, 2005, this court dismissed Plaintiff's federal claims with prejudice and dismissed his state law claims, without prejudice. On October 4, 2005, Defendants filed a motion for sanctions pursuant to Fed. R. Civ. P. 11.

## I. DISCUSSION

Under L. Civ. R. 11.3, "[a]ll applications for sanctions pursuant to Fed. R. Civ. P. 11 shall be filed with the Clerk prior to the entry of final judgment . . . ." Rule 11.3 was first adopted in Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 100 (3d Cir. 1988) as a supervisory rule for the courts in the Third Circuit. In that case, the court expressed its concern for judicial economy, pointing out the inefficiencies that result when a motion for sanctions is delayed. As the court notes, a delayed filing of a motion for sanctions may prevent the Court of Appeals from addressing the issue of sanctions in an initial appeal, thereby triggering a second appeal involving many of the same issues. Id. at 99-100. To avoid such inefficiencies, the court adopted the above rule requiring that motions for sanctions be filed prior to a final judgment in the District Court.

In the present case, Plaintiff's action was dismissed on September 12, 2005 and the motion for sanctions was not filed until October 4, 2005. Therefore, Defendants' time for filing this motion has expired and it will be denied.

## II.  CONCLUSION

For the reasons set forth above, Defendants' motion for sanctions pursuant to Fed. R. Civ. P. 11 is denied.  The Court will enter an order implementing this opinion.

                                                  /s/ Dickinson R. Debevoise
                                                  DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: November 14, 2005